Judge Buckker
delivered the opinion of the Court.
This was an action of assumpsit, in which- the defendants in error, as physicians and sur *659 geons, practising in partnership, under the name and style of M’Dowell, Moore and Caldwell, claimed from the plaintiffin error, compensation for surgical operations performed on his wife, and for medicines, and attention furnished to her, at his instance and request; for which, upon trial, had upon the plea of non-assumpsit, they recovered $125 and costs, to reverse which, the defendants in error prosecute this writ of error.
After office f 011,1(1 c01?: ote oír lunatics void,
Pearl, by his committee, filed another plea to the declaration, avering, that at the time of the supposed assumpsit, he Wfis a lunatic, so found before that time, by a regular inquisition of record, in the Lincoln circuit court; and that he still continued to be. a lunatic.
To this M’Dowell, &.c. replied, that the services set forth in the declaration, tvere rendered at the request of the patient, (Pearl’s wife,) and with the knowledge and assent of Henry Owsley, who managed the business of said Pearl.
A demurrer to this replication, was overruled by the'eircuit court. The only error assigned, questions the correctness of that opinion.
Upon the demurrer, the sufficiency of the plea as abar to the action, was properly the subject of decision.
The law as to the propriety of permitting a person to avoid a contract, by the plea of “non compos mentis,” was for many years, according to the English decisions, not fully settled. Blacjcstone, in speaking ot this subject, II. vol. of his commentaries, page 291, says, “in the time of Edward I. non compos, was a sufficient plea, to avoid a man’s own bond.” At a later period, a different course of decision seems to have prevailed, to which the same author refers, and adds, “from these loose authorities, which Filzher-bertdoes not scruple to reject, as contrary to reason, the maxim, that a man shall not stultify himself, hath been handed down as settled law. Though later opinions, feeling the inconvenience of the rule, have in many points endeavored to restrain it.”
In the case of Yates vs. Boen, II. vol. of Stra. 1104, in debt upon articles, the defendant plead *660 linon cst fáctutn^ and was permitted to give lunacy in evidence, and the plaintiff*suffered a non-suit. The same doctrine is laid down in Cnitfcy, as applicable to action of assumpsit. Lunacy may be given in evidence under the general issue, or it may be pleaded. See 1. vol. 470 and 474.
lunatic not bind him by contract,
in III. vol. Bac. abr. 539, after having laid down the ancient doctrine, that no man is allowed to stultify himself, he says, “yet it seems that even at law, the contracts of idiots and lunatics, after office found, and the party legally committed, are void, and it must be at the peril of him, who deals with such a one.”
A lunatic has no capacity to contract, so long as continues. The plea, therefore, if true,, was- a bar to the action, unless the matter relied upon in the replication, made that valid, which would otherwise have been invalid. We are clearly of opinion, that it cannot have s.uch an effect.
The averment, that the services were rendered with the assent of Owsley, who managed the business of Pearl, could not be regarded.
His person and property had been committed to a committee in the mode prescribed by the statute. Whether Owsley was his committee is not shewn-, nor is it important to enquire; as even his committee could have no right to bind him by contract. Had he thought proper to have procured the services of a surgeon for the cure of the lunatic’s wife, the chancellor in the settlement of his accounts, might, perhaps, have regarded it, and made an allowance for it, or not, or increased the compensation for his trouble, as might seem to be proper under the circumstances of the case. It is not necessary, however, to determine that point, it is very clear that the assent of Ows-ley can have no effect. It is not alleged that he gave the assent as agent ofPearl; norcould such an ayerment have been sustained; for a lunatic is no more capable of constituting an agent, than of binding himself by contract.
It remains then, to be considered, whether the re? quest of the wife can change the aspect of a case. As a general rule, a wife cannot bind the husband by her *661 contract. For necessaries furnished to her* he is bound, upon his implied contract, to provide them lor her during cohabitation; but for nothing else. We do not intend to say, that under this rule, a husband may not be bound for medical, or surgical aid furnished "to his wife, if necessary. The law is well settled, that upon a proper case made out, he would be bound for such services. The decision in the case of Harris vs. Lee, I. p. Wms. 182, maybe considered as applicable.
Upon proper case made out, husband bourn1 by implication of law for medí-col or surgical service* administered to his wife.
committee dt lunaticshould provideneces-cafaicUo'r ^fe’0„tofthe „ro’fits of bis éstate:.
Rut the replication contains no averment, that the services rendered were necessary. The surgical operation performed, and the medicines administered may have been unnecessary, and even injurious. Without proof satisfactory to the jury, that they were necessary, no recovery can, in such case, be legally e& fected.
Upon a plea of infancy to an action of assupnpsit, if the demand be for necessaries furnished, it should be so averred in th.e replication. See Clewes vs. Brooker, II. Stran. Reports, 1101.
Had such an averment been made in this case, and the alleged lunacy should be considered as not varying the principle; it would have been the duty of the jury to have decided the case, regarding all the circumstances, which, under the proof, would be applicable.
The views taken of the replication, shew that the demurrer to it, should have been sustained.
But as the defendants in error must have leave to amend, should they apply for it, when the case is returned to the circuit court, it is considered as proper to determine, whether the doctrine, as to the liability of a husband, for necessaries furnished to his wife, be applicable to a case like this.
That the committee of such a person, ought, at least, as far as the profits of the estate would justify it, to engage medical, or surgical aid for the wife, if necessary, cannot be doubted.
The statute of Virginia, of 1785, upon the subject of the custody of lunatics, and the preservation of their estates, provides, “that they and their household *662 shall live and be maintained, competently with the profits of the same.”
Tho* a lunatic cannot bind himself by express contract, yet the law will' bind him by implication to pay for necessary aid furnished his wife.
Anderson and Kincaid, for plaintiff; Marshall, for defendants.
The statute of this state, of 1793, declares, that a lunatic and his family shall be supported out of his estate, if it be sufficient.”
But suppose that the committee of the lunatic should fail to procure for the wife, medical, or surgical aid, which might be indispensably necessary, or that the profits of the estate then in the hands of the committee would not justify it, shall the wife, laboring under disease, die without aid, or depend upon the charity of the world, although he may have a competent estate for the support of himself and family? Reason and humanity alike forbid it.
We are aware, that there may seem to be an absurdity in supposing, that ajury would be justified to find the implied consent of the husband, whose express contracts are void, because he has no capacity to consent. We think, however, that such reasoning would be rather specious, than solid. A lunatic is not permitted to bind himself by contract, because incapable of forming an opinion, with respect to the propriety of such contract. If left to himself, he would soon be stripped of his property, by the artifice and cupidity of dishonest men, under the pretence of fair contracts. Hence the compassion, with which the law regards his infirmaties, and watches over his property. But the law implies no promise, which is not reasonable and just. There is, then, no danger to be apprehended by rendering him responsible for such a demand, upon a proper case made out; although he can give no express consent, yet for necessaries furnished to him, the law presumes his consent, and he is bound. See Maddock’s chancery, 587, and authorities there cited.
The judgment of the circuit court must be reversed, and the cause remanded for further proceedings to be had, not inconsistent with this opinion;