(Decided 22d June, 1870.)

## TRUEMAN CROSS *vs.* MARY A. S. KENT.

*Liability of a Lunatic to a Civil action, for a Tort— Compensatory damages — Practice in the Court of Appeals — Article 4, section 8, of the Constitution —A Lunatic sued for a Tort, capable of submitting his case to the Court for trial, without the aid of a Jury.*

A lunatic or insane person, though not punishable criminally, is liable to a civil action for any *tort* he may commit.

In an action against a party for setting fire to and burning a barn, neither evidence of his lunacy nor that the burning was the result of accident, is admissible in mitigation of compensatory damages.

In a case submitted to the Court below for trial, without the intervention of a jury, the facts as found by the Court may be considered, on appeal, to the same extent that they could be, if they had been found by the jury, but no further.

Under Article 4, section 8, of the Constitution, which provides that "the parties to any cause may submit the same to the Court for determination without the aid of a jury," a lunatic who may be sued in a civil action for a *tort*, and who may therefore appear in person or by attorney, is capable of giving his assent to a submission of his case to the Court for trial; and like every other party is bound by the acts of his attorney in the conduct of the case.

APPEAL from the Circuit Court for Prince George's County.

Cross *vs.* Kent.

The cause was argued before BARTOL, C. J., STEWART,· BRENT, MILLER, ALVEY and ROBINSON, J.

*Alexander B. Hagner,* for the appellant.

*Daniel Clarke,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellant was sued by the appellee in an action of trespass for setting fire to and burning her barn. The defendant appeared by attorney, and pleaded not guilty. By consent of parties, the case was submitted to and tried before the Court without the intervention of a jury. The plaintiff offered evidence, tending to show the act complained of was committed by the defendant, either by design or accident, and that the value of the barn destroyed was from $700 to $800. Proof was offered on the part of the defendant, that at the time of the trespass, he was, and for many years before and from his infancy, had been an idiot and insane person; that he had no committee, and had not been found a lunatic under a commission *de lunatico inquirendo,* but was harmless and inoffensive, and was in the habit of travelling about the country, paying visits to a former overseer of his father's farm. Upon the issues joined, the Court ·found the defendant did commit the wrong complained of, and gave judgment in favor of the plaintiff for $700. At the trial, three prayers were offered on the part of the defendant, to the rejection of which an exception was taken. Of these, the first asserts that the idiocy of the defendant, if found by the Court, is a bar to the action; the second, that such idiocy or insanity is evidence in mitigation of damages; and the third, that if the Court found the burning was the result of accident, and not the intentional or deliberate act of the defendant, such accidental burning, if not a bar to the action, is, nevertheless, a mitigation of the damages claimed by the plaintiff.

The distinction between the liability of a lunatic or insane person in civil actions for *torts* committed by him, and in criminal prosecutions, is well defined, and it has always been held, and upon sound reason, that though not punishable criminally, he is liable to a civil action for any *tort* he may commit. 1 *Chitty's Pl.*, 76 ; 3 *Bac. Abr.*, 536, title *Idiots and Lunatics, E.* The only proof on the subject of damages was the value of the property destroyed, and the judgment was for the lowest estimate of such value. If the defendant was liable at all, the damages could not be reduced below this either by proof of lunacy or that the burning was the result of accident. Punitory or vindictive damages do not appear to have been claimed, and certainly were not allowed. Both prayers on this subject were erroneous in not defining what damages, whether compensatory or punitive, the supposed facts were evidence to mitigate. The former could not be mitigated by such evidence, and the prayers do not say the evidence should be applied to the latter. There was no error, therefore, in rejecting them.

These propositions were not strenuously controverted in argument, but the appellant's counsel has contended that the only evidence worthy of notice to show the act was committed by the defendant, are his own admissions which, coming from a lunatic, are clearly inadmissible, and that this Court ought to notice the glaring injustice of allowing a judgment to rest upon such evidence, even though the question of its admissibility was not raised in the Court below. This argument assumes, first, that there was no other evidence from which either a Court or jury could have rightfully found the act was committed by the defendant; second, that the Court was bound to believe the testimony on the subject of lunacy, and third, that the question is open for review in this Court on this appeal. In our opinion, if we were permitted to consider the question, there was evidence independent of the defendant's admissions upon which the finding of the Court upon the issues could properly rest. That the fire occurred

about eight o'clock on a night in November; that the defendant was seen going along the road, in the direction of the barn, in the evening; that no fire was seen about the barn at sunset by a witness, who was there at that time; and that the first person who reached the fire, found the defendant there, and no one else; these are surely facts from which a Court or jury, in a civil case, could properly have inferred, the defendant set fire to the barn, either purposely or accidentally. But the question is not open for our revision.

In *Tinges vs. Moale*, 25 *Md.*, 480, this Court has said, in reference to appeals in cases submitted to the Court for trial, that "with the facts as found by the Court below upon such a submission, this Court has no more to do, upon appeal, than if they had been found by the jury. It is only upon *the law* arising upon the facts as admitted by the pleadings, or agreed by the parties, or found or to be found by the jury, or by the Court, when substituted for the jury, and raised in the modes adopted by our practice, that this Court has to deal in appeals from judgments of Courts of Law. We cannot examine the facts in evidence in the bill of exceptions with a view to adjudge whether the finding by the Court was or was not correct. If a question of law has been raised upon them below for decision, and that appears from the record, it is our duty to examine and pronounce upon it. We can look to the character of the facts in proof only so far as may be necessary or proper to understand and apply the law in question." This decision was followed by that of *Thomas vs. Hunter*, 29 *Md.*, 406, and we can discover no good reason why the present case should be withdrawn from the operation of the law thus announced.

But again, it is said an insane person could not give his consent to the submission of his case to the Court, and thereby dispense with a jury trial, and that this is error apparent on the record open for review on appeal from the judgment. Assuming, without so deciding, the latter branch of this proposition to be correct, still the position is untenable. The

Cross *vs.* Kent.

Constitution, (Art. 4, sec. 8,) provides that "the *parties* to *any cause* may submit the same to the Court for determination without the aid of a jury." Under this any party capable of being sued and of appearing in person or by attorney, is capable of giving his assent to a submission of his case to the Court. We have seen that a lunatic may be sued in a civil action like the present, and like every other party he is bound by the acts of his attorney in the conduct of the case. Submission of the case to the Court was a matter over which his attorney could properly exercise control, and the client was bound by that action. Finding no error upon which we can base a reversal, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 23d June, 1870.)