KAROLINA W. KARLSON, Appellant, v. JAMES B. HEALY, Respondent.

*Negligence — tenant of an apartment house injured by falling through a flooring of slats on a roof while hanging out clothes to dry — when contributory negligence is not established.*

A tenant of an apartment house who, with knowledge that some of the slats constituting the flooring of the roof of the building are rotten and that others are broken, goes upon the roof for the purpose of drying clothes, and is injured in consequence of the breaking of a slat upon which she stepped, is not, as matter of law, guilty of such contributory negligence as will preclude a recovery by her in an action brought against the landlord for the injuries thus sustained, where it may be inferred from the evidence that no other place for drying clothes had been provided by the landlord, and it appears that the tenant was acting with prudence and circumspection at the time she was hurt, and that the slat which gave way under her was not previously broken.

APPEAL by the plaintiff, Karolina W. Karlson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of October, 1898, upon the dismissal of the complaint at the close of the plaintiff's case by direction of the court after a trial at the Kings County Trial Term.

*Henry M. Dater* [*George F. Elliott* with him on the brief], for the appellant.

*Edward M. Grout*, for the respondent.

WILLARD BARTLETT, J.:

The determination of this appeal depends on the question whether the trial court was justified in dismissing the complaint on the ground that the plaintiff had been guilty of contributory negligence. The plaintiff and her husband were tenants in an apartment house owned by the defendant. Upon the roof of the building was a fenced flooring of slats, with poles erected thereon for the use of the tenants in drying clothes. The plaintiff was injured, while hanging out her wash, by falling through this flooring in consequence of the breaking of a slat upon which she stepped. There was abundant evidence that this roof flooring had been in a bad condition for weeks before the accident, some of the slats being rotten and others

broken, and that the landlord had been repeatedly informed of the defects and had promised to have them repaired. That the plaintiff was aware of the condition of the roof was also clearly established. This fact, however, did not make it contributory negligence, as matter of law, on her part to continue to use it, so long as it appeared to her that she might safely do so with the exercise of care. The learned counsel for the respondent argues that there is no proof that this roof was the sole place for drying clothes, or that there were no other means in the building for that purpose. The plaintiff, however, testified thus: "The arrangements made for hanging clothes on those premises were that we had to take the clothes on the roof and dry them on the roof." We think it might be inferred from this statement that no other place had been provided by the landlord. The plaintiff's testimony further indicates that she was acting with prudence and circumspection at the time she was hurt. The slat which gave way under her was not previously broken. Its appearance was like that of the other slats. "I walked very carefully," she says; "we have to be very careful when we have to be up there, because I was afraid, and I was very careful when I was up there that I should not fall."

As Judge BRADLEY said in *Peil* v. *Reinhart* (127 N. Y. 381): "While the question may have been a close one of fact, it could not properly be held, as a matter of law, that the plaintiff was guilty of contributory negligence." In the case cited, the tenant was injured by falling on a stairway common to the occupants of the defendant's tenement house, and the same rule of liability applies to a landlord in respect to negligence in the maintenance of a slatted roof provided for the use of his tenants in drying their clothes. (*Alperin* v. *Earle*, 55 Hun, 211.)

It was error to dismiss the complaint in this case, and the judgment should be reversed.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.