REAMS v. TAYLOR.

No. 1781.   Decided December 4, 1906 (87 Pac. 1089).

1. PLEADING—ADMISSIONS BY DEMURRER.—A demurrer admits all facts properly pleaded.

2. INSANE PERSONS—CONTRACTS—LIABILITY FOR GUARDIAN'S DEFAULT.—The relation of principal and agent not existing between an insane person and his guardian, where such person is sought to be held upon a default of the guardian's promise or undertaking, an insane person was not liable to her tenant for injuries resulting from her guardian's breach of a covenant to cover a cellarway.[1]

3. LANDLORD AND TENANT—PREMISES—INJURY FROM DEFECT—CONTRIBUTORY NEGLIGENCE OF TENANT.—Though a landlord break a covenant to cover a cellarway, he is not liable for injuries to a tenant who falls therein, where, knowing the nature of the defect, the tenant fails to exercise her right to repair the defect and deduct the expense from the rent, or to surrender the premises, and exposes herself to the risk of injury.

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action by Mrs. L. J. Reams against Josephine Taylor. From a judgment dismissing the action, plaintiff appeals.

AFFIRMED.

---

[1] Andrus v. Blazzard, 23 Utah 233, 63 Pac. 888, 54 L. R. A. 354.

*C. S. Patterson* for appellant.

*Stewart, Stewart & Budge* for respondent.

APPELLANT'S POINTS.

The guardian having the authority, and it being his duty to rent the premises, he is also authorized to make necessary repairs and to make those necessary repairs no authority from the court is necessary. (*Waldrip v. Tully,* 48 Ark. 297, 3 S. W. 192; *Cheney v. Roadhouse,* 135 Ill. 257, 25 N. E. 1619; *Bent v. Barnett,* 90 Ky. 600, 14 S. W. 596; *Kilpatrick's Appeal,* 113 Pa. 46, 5 Atl. 8.

A statute providing that conservators shall have charge of and manage the estates of their wards is held to confer upon them the power to make leases for a reasonable time of the real estate of their wards. (Woerner on Guardianship, p. 487.)

The guardian of a lunatic stands in a different relation than that of guardian of a minor. In the former case he is but the bailiff or agent of his ward. (*In re Strasburger,* 132 N. Y. 138; *People v. Tax Com'rs,* 100 N. Y. 215; *Warden v. Eichbaum,* 3 Grant Cas. [Pa.] 42; Mechem on Agency, sec. 48.)

RESPONDENT'S POINTS.

"The prevailing doctrine is that the guardian has no power to make a contract binding upon the ward or upon his estate, however proper and beneficial the contract may be; but that contracts made by him impose a personal liability upon himself, and his protection from loss lies in his right to charge the expenditures to the ward's estate in his account." (15 Ency. of Law [11 Ed.], p. 70.) This doctrine is supported by numerous citations in note 2 of Ency., from Alabama, California, Colorado, Connecticut, Georgia, Illinois, Indiana, Massachusetts, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New York, and South Carolina. (*Hunt v. Mal-*

*donado,* 89 Cal. 636; *Fish v. McCarthy,* 96 Cal. 484.) The same rule is laid down in Woerner's American Law of Guardianship, pp. 185, 186, sec. 57.

That the administrator cannot bind the estate without authority from the court is clearly established in the following cases: *Daly v. Daly,* 66 Ala. 266; *Richardson v. Palmerm,* 24 Mo. App. 480, 490 and cases cited; *Van Stoten v. Dodge,* 135, N. Y. 327, 332; *Eustace v. Johns,* 38 Cal. 3.

In the case of *Kampusky v. Hallo,* 52 N. Y. Sup. Ct. 265, the doctrine is laid down that if a tenant continues to occupy premises, after knowing of the dangerous condition of the same, he will be guilty of contributory negligence. (*Tuttle v. Gilbert Mfg. Co.* [Mass.], 13 N. E. 465.) Damages for personal injuries to a tenant from failure to repair the premises is too remote and consequential. (18 A. & E. Ency. of Law [11 Ed.], 234.) Where the complaint shows that the plaintiff's own negligence contributed to and was the proximate cause of the injury the question of negligence becomes one of law for the court and where the plaintiff is guilty of such contributory negligence, he cannot recover. (*Silcock v. Railroad,* 22 Utah 179; *Lowe v. City,* 13 Utah 91; *Cunnington v. Railroad,* 4 Utah 206; *Bowers v. Railroad,* 4 Utah 215; *Fowler v. Coal Co.,* 16 Utah 348; *Butte v. Coal Co.,* 14 Utah 282; 2 Woerner on Administration, sec. 356.)

FRICK, J.

This is an action for damages for personal injuries. The material allegations in the complaint are, in substance, as follows: That the defendant is an insane person, and that one Thomas E. Taylor is the duly appointed and acting guardian of the person and estate of the defendant. That the defendant is the owner of certain real estate in Salt Lake City, Utah, describing it, upon which is situate a certain two-story building used for tenement purposes. That at a time stated the plaintiff leased from Thomas E. Taylor, "agent and guardian" of the defendant, a part of said building to be occupied by plaintiff as a tenant. That the lease was oral, and that, at

the time of the making thereof, there existed a certain cellarway which opened or extended into a driveway extending along some distance from said building, and which cellarway was distant four feet from the door which opened into the apartment leased and to be occupied by the plaintiff. "That at the time said plaintiff so leased said property from said defendant she called the attention of said Thomas E. Taylor, guardian and agent as aforesaid, to said cellarway, and to the dangerous condition thereof, and informed him that, if she leased said premises, she would require the defendant to protect said cellarway by means of a door or otherwise, in order to make the same safe, and avoid the danger of falling into said cellarway and receiving injury therefrom. That the said Thomas E. Taylor, guardian and agent, as aforesaid, at that time promised and agreed to make said cellarway safe, and to cover the opening by means of a door." About a month after the leasing and occupancy of said apartment by plaintiff, and at the time when said guardian called for the first monthly installment of rent, plaintiff again called his attention to said cellarway, which remained in the same condition as when she leased the apartment, and said guardian "again promised and agreed to have said cellarway sufficiently protected." That in leasing said premises plaintiff relied on the promises of said Thomas E. Taylor, and that, in case he had not promised to make the repairs aforesaid, she would not have leased said apartment and remained therein. That about two months after taking possession of said apartment the plaintiff, in going along said driveway, and in passing said cellarway, in attempting to reach the door leading to her apartment, in the nighttime, walked into said cellarway and fell, sustaining personal injuries and damages, to recover which this action is brought. Thomas E. Taylor, the guardian, is not made a party to the action, nor is any recovery sought against him. He was, however, served with summons as the guardian of the defendant, she continuing to be an insane and incompetent person, and as such guardian he interposed a demurrer to the complaint setting forth various grounds, one of which is that the complaint does not state

facts sufficient to constitute a cause of action. The lower court sustained the demurrer, and plaintiff electing not to amend her complaint further, a judgment dismissing the action was duly entered against her, from which she prosecutes this appeal.

There are various errors assigned, but, in view of the conclusion reached, we shall consider but the one error, to wit, did the court err in sustaining the demurrer upon the ground that the complaint does not state a cause of action, and in entering judgment dismissing the action? It will be observed that plaintiff seeks to recover judgment against an insane or incompetent person, and thus hold her estate liable. While the action is one sounding in tort, it seems to be based upon a contract or agreement made by the guardian of the defendant in respect to repairs to be made by him on the cellarway. In this view it is clear that, if the defect in the cellarway had been repaired, as alleged, the plaintiff would not have fallen into it; and hence there would have been no cause for this action. The demurrer, of course, admits the agreement, as alleged, together with all other facts properly pleaded.

The theory upon which plaintiff seeks to recover in this action is not very clear. The agreement by the guardian to make the repairs is perhaps pleaded for the purpose of avoiding the application of the doctrine of contributory negligence against, or assumption of, the risk by the plaintiff. If it is not for this purpose, we can conceive of no other unless it be for the purpose of recovering as upon a breach of said agreement, from which the injury arose. If recovery is sought upon the ground that the plaintiff relied upon the special promise of the guardian to repair the cellarway, and that the guardian in making the promise thereby assumed the risk of injury therefrom, then a recovery against defendant would be possible only upon the ground that the guardian acted as the authorized agent of the defendant, and, as such agent, could, and did, bind her in that regard.

In this case, however, the principle upon which the relation of principal and agent is based, wholly fails. There cannot be an agent unless there is a principal. In order to create the

relation there must exist a person who is competent to select and appoint an agent to act for the principal. An agent can and does exercise delegated powers only, and an incompetent person cannot delegate powers arising, either directly or by implication of law. The doctrine of principal and agent, therefore, cannot apply between an insane person and his guardian, at least not where the insane person is sought to be held upon a default of the supposed agent's personal promise or undertaking. This is settled by the case of *Andrus v. Blazzard,* 23 Utah 233, and authorities cited at pages 248, 249, 63 Pac. 888, 54 L. R. A. 354. The exceptions to the general rule above stated and referred to in Mechem on Agency, section 48, and the other authorities cited by counsel for appellant, have no application to this case. The case of *In re Strasburger,* 132, N. Y. 128, 30 N. E. 379, is one of that class of cases where a person, after entering into a lease containing certain covenants, become insane, and his estate is sued for a breach of these covenants. In such cases the covenants do not cease, although the covenantor becomes insane or incompetent. His estate must still comply with the covenants, or become liable thereon. Neither is the case of *Stillwell v. So. Louisville Land Co.* (Ky.), 58 S. W. 696, 52 L. R. A. 325, cited by counsel for appellant, applicable to the facts in the case at bar. It is true that the agreement set forth in that case, is in many of its features, much like the one in this case, but in that case the agreement was pleaded for the sole purpose of avoiding the defense of contributory negligence In that case the agreement was made with the owner of the property, personally, and such owner was sued, and it was held that the tenant had a right to rely on the promises of the owner that he would repair the defect in the premises, and that by this promise the owner assumed the risk of injury to the child of the tenant; and hence the tenant was not guilty of contributory negligence in permitting his child to be on the leased premises. Both the defect and the circumstances were, however, different than they are in the case at bar. If in this case, suit were brought against the guardian personally, the

question would be presented, in one phase perhaps, that is presented in that case. In the case at bar, however, the plaintiff is presumed to know the law. She knew that she was dealing with the guardian of an insane person, and that, therefore, the guardian could not bind the insane person by the agreement; and hence she should have governed herself accordingly. She had no right to go upon the assumption that the estate of the insane person would, as a matter of law, be held liable in case she was injured by reason of the guardian's failure to comply with this agreement to close up the open cellarway. As against the estate of the insane person, we are clearly of the opinion that it was plaintiff's duty to guard against injury from that source; that, with full knowledge of the conditions surrounding her, as clearly appears from the allegations of the complaint, she assumed the risk of injury. Under the allegations of her complaint she became simply a tenant, and, as such, was charged with full knowledge of the legal rights and duties pertaining to that relation. It will, we think, not be disputed that, in the absence of deceit or misrepresentation by the landlord, the tenant will take the risk of the condition of the premises leased by him, and, if injured by reason of their unsafe condition, especially when open and unconcealed, as a general rule, cannot recover against the landlord for such injury.

In the case at bar there was neither deceit nor misrepresentation, and the contract or agreement made by the guardian, as we have seen, was not binding upon the insane owner of the property; hence her estate, if bound at all, would have to be bound under the general law applicable to the relation of landlord and tenant. Under this law the plaintiff does not state a cause of action. (*Tuttle v. G. F. Gilbert Mfg. Co.* [Mass.], 13 N. E. 465.) Under the authorities, she was guilty of contributory negligence, and likewise of having assumed the risk of injury, in view of her knowledge of the defect complained of, and, after knowledge thereof, having continued in the possession of the premises. The case of *Hamilton v. Feary* (Ind. App.), 35 N. E. 48, 52 Am. St. Rep. 485, is a well-considered case. Under the law, as stated in that

case, the plaintiff could not recover against the defendant in view of the allegations of the complaint even if the defendant had been a competent person, and had personally made the agreement set forth in the complaint. The plaintiff would, as against her landlord, have had no right to expose herself to the risk of injury from existing and visible defects in the premises leased by her. It was her duty to repair the defect and deduct the expense therefor from the rent, or she might under the lease in this case, have surrendered the premises. She chose to do neither; and hence cannot recover. The following cases all support the conclusions reached by us: *Kampinsky v. Hallo* (City Ct.), 23 N. Y. Supp. 114; *Kabus v. Frost,* 18 Jones & S. (N. Y.) 72; *Edwards v. N. Y. & H. R. R. Co.,* 98 N. Y. 245, 50 Am. Rep. 659; *Arnold v. Clark,* 13 Jones & S. (N. Y.) 252; *Hendry v. Squier,* 126 Ind. 19, 25 N. E. 830, 9 L. R. A. 798; *Town v. Armstrong,* 75 Mich. 580, 42 N. W. 983.

We do not wish to be understood as holding that, in a proper case, the tenant might not recover against the landlord for personal injuries sustained by the tenant arising from defective premises. What we do hold is that the case at bar does not fall within the principles of law where such a recovery is permissible.

The court, therefore, did not err in sustaining the demurrer, and in dismissing the action.

The judgment is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.