# JACOB L. WINNER *vs.* MARIE LOUISE LINTON
## BY SAMUEL T. LINTON, HER FATHER AND NEXT FRIEND.

*Streets: negligence; automobiles.*

It is the duty of a person using public highways to exercise reasonable care, and to bear in mind that he does not have the exclusive right of user, whether he be a mere pedestrian, a rider or a user of an automobile. '                    p. 280

Ordinary care and caution must be used and the *quantum* of care required is to be estimated by the exigencies of the particular situation.                    p. 280

The use of automobiles upon the public highways should be accompanied with every degree of prudence in their management, and consideration for the rights of others which is consistent with their safety.                    .p. 280

*Decided April 9th; 1913.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Robert R. Carman* and *Walter L. Clark* (with whom were *George W. Dexter and Clapham Murray, Jr.,* on the brief), for the appellant.

*Wm. Colton,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff, an infant, by her father and next friend, Samuel T. Linton, brought this suit in the Court of Common Pleas of Baltimore against the defendant to recover the personal injuries sustained by her, on the 23rd day of October, 1910, while in the act of crossing North avenue, at, or about its intersection with Park avenue, one of the public thoroughfares of Baltimore City, by reason of the negligence and want of care of the defendant in operating and running an automobile near the intersection of these avenues.

At the trial of the case, the Court below, at the close of the plaintiff's testimony, there being no testimony offered upon the part of the defendant, granted the plaintiff's three prayers, as offered and also granted the defendant's fifth and sixth prayers, but refused the defendant's first, second, third, fourth, seventh and eighth prayers.

The only exception presented by the record, is to the ruling of the Court upon the prayers and to the overruling of the defendant's special exceptions to the granting of the plaintiff's first and second prayers.

The plaintiff recovered a verdict of three thousand and five hundred dollars, and from the judgment entered on the verdict, this appeal has been taken.

The undisputed facts as testified to by the plaintiff's witnesses and upon which the decision of the case must turn are these. The plaintiff testified, that on the 23rd of October, 1910, she returned to her home from the cemetery, in Baltimore City on a car of the United Railways, and the car stopped at Park and North avenues; that it stopped on the far side of the crossing, and she got off the rear platform of

the car, and that after she got off, and down to the pavement, she looked up the street to the right, to the west on North avenue, and saw no automobile and heard no horn or whistle, and as "I took two or three steps, I don't know whether I screamed or somebody else, I saw brass in front of me, and that is all I know." She did not remember what part of the car struck her, but it was her intention to make the pavement, and go up the street. She testified on cross-examination, that she had on a thin veil, but her vision and hearing were good, and had always been good; that she looked to her right, up to where the automobile came from, and did not see or hear a machine, and then she started for the pavement.

The witness Mapp, who had an uninterrupted view of the accident testified, that at the time of the collision he was standing in Campbell's drug store on the corner, in the window, looking out; while sitting there, he saw the street car come down and stop on the far side, as the car stopped, the plaintiff got off and took two steps, that is two steps after she reached the pavement. He saw the machine strike her, knock her down, and throw her under the car, and she was jammed in between the front wheel on the left-hand side of the automobile going east. She was edged in between the front wheel, the lower part and the engine, on the front part of the car. The automobile dragged her, at least half the length of a street car. The machine was then lifted and she was taken up and carried into the drug store.

He further testified, that North avenue runs northwest and southeast and Park avenue runs pretty near north and south; and from the position that he occupied in the window, he could easily see up North avenue to the west side of the street where the car stopped, and where the accident occurred. Park avenue at that point is the average width of a Baltimore street, but not as wide as North avenue; that the automobile was going east in the same direction with the street car, and when he first saw the machine it was "just a little above the

west side of Park avenue," and it was at this time that the plaintiff alighted from the car. He saw the plaintiff look toward the machine when she got off the car, and then started for the curb. When she got off she took one step and then made a look and then started to go forward because she couldn't go anywhere else, and the left wheel of the car hit her. This is the north side of the machine, the machine going east.

He also testified that the machine was going much faster than the car, but even at that time when the plaintiff was getting off on the far side of the street, the chauffeur if he didn't have time to stop his car, the width of Park avenue, he had ample means, as that street does not turn on an angle, to have swerved his car up Park avenue, which is an up grade, that it could have been stopped the width of the street and that would have been in time to have avoided the accident.

The witness Brown who assisted in rescuing the plaintiff from under the machine, testified, that the car stopped on the far side of the street opposite the drug store, that the distance between the automobile and the car was not over two or three feet, and if the plaintiff had stopped, she might have been crushed by the car, to get out of the way of the automobile, if she had seen it; that he was sitting in the car when the plaintiff got off the rear platform nearest the sidewalk, and his attention was first attracted by the automobile stopping opposite to where he was sitting. The accident happened about 4 o'clock on an ideal Sunday afternoon. The streets were dry and crowded with pedestrians, carriages and automobiles.

Drs. Friedenwald and Fayerweather testified, concerning the injuries and described her condition since and before the accident, but they would not venture a positive opinion, as to the result of the injury.

It was admitted that the automobile was owned by the defendant, and that he was riding in the car with his family, at the time of the collision.

The chauffeur who was operating the automobile at the time of the accident was the servant and employee of the defendant, and assuming that he was negligent in the operation of the car, it is clear that the defendant would be liable for the result of this negligence. *Vonderhorst Brewing Co.* v. *Amrhine,* 98 Md. 406; *Gillet* v. *Shaw,* 117 Md. 514.

Upon the facts set out in the record and stated by us in the opinion, we think, this case was one to be determined by a jury, upon proper instructions from the Court.

The principles of law controlling negligence cases, have been so often announced and applied by this Court, that it seems unnecessary to discuss them here.

The plaintiff's first and second prayers are correct in theory, and have been approved by a number of cases in this Court. *P. W. and B. Ry. Co.* v. *Hogeland,* 66 Md. 149; *B. & O. R. R. Co.* v. *Trainer,* 33 Md. 542.

The plaintiff's third prayer, on the measure of damages is in the usual form and free from objection.

The defendant's first, second and fourth prayers were demurrers to the evidence and were properly refused.

The defendant's seventh and eighth prayers were not supported by the evidence, and asserted propositions of law not applicable to the case. They were properly refused. The rule of contributory negligence, sought to be invoked by these prayers, was fully covered by the defendant's granted prayers. The jury by the defendant's granted prayers were instructed in terms more favorable to the defendant, than he had a right to insist upon. We do not understand that the rejection of the defendant's second prayer is seriously controverted in this Court. It was properly refused. The defendant's special exception to the plaintiff's first and second prayers for want of evidence to support them, were properly overruled.

The legal principles applicable to the case were correctly announced in the granted prayers and we find it unnecessary to cite cases to support them. The negligence *vel non* of the

defendant, or the contributory negligence of the plaintiff, were questions for the consideration of the jury, upon the proof in the case, under the instructions of the Court.

The extent of the duty of owners and operators of automobiles to the travelling public are defined by a number of cases. In *Fletcher* v. *Dixon,* 107 Md. 425, it is said, that one of the primary duties of persons using public highways, and a duty which everyone using them owes to others, is to exercise reasonable care, and to bear in mind that he does not have the exclusive right of user, whether he be a mere pedestrian or rider, or using some modern vehicle, such as an automobile. Ordinary care and caution must be used; and the quantum of care required is to be estimated by the exigencies of the particular situation.

In *Shinkle* v. *McCullough,* 116 Ky. 960, it is held, that the use of automobiles upon the public highways should be accompanied with that degree of prudence in their management and consideration for the rights of others which is consistent with their safety. And to the same effect are the cases of *Hannigan* v. *Wright* (Del.), 63 Atl. 237; *Campbell* v. *Walker,* 78 Atl. 601; *Indiana Spring Co.* v. *Brown,* 1 L. R. A. (N. S.) 238.

In the case at bar, the evidence shows that no whistle or horn was sounded at the time of the accident, and that if the chauffeur had turned his car up Park avenue, he would have avoided the accident. There was no evidence upon the part of the defendant tending to explain, or to controvert, the plaintiff's testimony.

Upon the whole case, we think, the Court below committed no error, in its rulings upon the prayers, and as the case was fairly tried, the judgment will be affirmed.

*Judgment affirmed, with costs.*