# WILSON v. WOODRUFF et al.

No. 4156.    Decided March 23, 1925.    (235 P. 368.)

1.  LANDLORD AND TENANT—LESSEE TAKES RISK OF QUALITY OF
    PREMISES IN ABSENCE OF WARRANTY OR FRAUD ON PART OF LAND-
    LORD.  In absence of warranty, deceit, or fraud, on part of land-
    lord, lessee takes risk of quality of premises and cannot make
    landlord answerable for any injuries sustained by him during
    occupancy by reason of defective condition of premises or their
    faulty construction.[1]

2.  LANDLORD AND TENANT—LANDLORD MUST EXERCISE REASONABLE
    CARE IN KEEPING COMMON APPROACHES IN GOOD CONDITION.
    Where landlord retains control and possession of passageways
    and stairways for common use of all tenants, he is liable under
    responsibility of general owner of real estate who holds out
    general invitation to others to enter on and use his property,
    and is bound to exercise reasonable care to have such common
    approaches retained in reasonably fit and safe condition.

3.  LANDLORD AND TENANT—RULE AS TO LANDLORD'S LIABILITY FOR
    INJURIES SUSTAINED ON COMMON STAIRWAYS OR APPROACHES
    HELD INAPPLICABLE TO SIDE WALLS AND ROOF OF PREMISES.  The
    rule as to liability of landlord for injuries sustained on common
    passageways and stairways over which he has control is not
    applicable as to roof and side walls of a building which col-
    lapsed causing injury to tenant.

4.  LANDLORD AND TENANT—INJURY TO TENANT FROM COLLAPSING OF
    WALLS HELD RESULT OF DEFECT IN PREMISES, RISK OF WHICH
    TENANT ASSUMED.  In action by tenant for injuries caused by
    collapsing of part of building, where evidence showed that
    walls and roof were weakened by reason of drainage water
    falling on roof and running down sides of wall, which fact
    was open and obvious and known to tenant at time of leasing
    premises, held, that such injury resulted from defect in prem-
    ises, risk of which tenants assumed on entering lease.

[1] Reams v. Taylor, 31 Utah, 288, 87 P. 1089, 120 Am. St. Rep.
930.

See Headnote 1.    36 C. J. pp. 204, 208.
Headnote 2.    36 C. J. pp. 212, 213.
Headnote 3.    36 C. J. p. 217.
Headnote 4.    36 C. J. p. 205.

Appeal from District Court, Third District, Salt Lake
County; *L. B. Wight*, Judge.

Action by Lee Wilson against Florence K. Woodruff and
another. From judgment dismissing action, plaintiff appeals.

AFFIRMED.

*Willard Hanson, A. H. Hougaard*, and *Hutchinson &
Hutchinson*, all of Salt Lake City, for appellant.

*Ray & Rawlins* and *Stephens, Brayton & Bagley*, all of
Salt Lake City, for respondents.

CHERRY, J.

This is an action to recover damages for injuries caused by
the collapsing of part of a two-story building situated in Salt
Lake City, owned by defendants, the upper floor and rooms
of which were at the time rented to and occupied by the
plaintiff. In the accident the plaintiff sustained personal in-
juries himself, his wife was killed, and certain personal prop-
erty owned by him and situated in the leased premises was
destroyed or damaged. The damages sustained were alleged
in separate counts, and the liability of defendants therefor
was based upon the alleged negligence of the defendants. The
trial was commenced before the court and a jury, but at the
conclusion of the plaintiff's case a nonsuit was granted and
the action was dismissed, from which order and judgment
the plaintiff appealed.

The question for decision is whether the district court erred
in granting a nonsuit.

The facts pertinent to this inquiry, disclosed by the evi-
dence, are in substance as follows:

The defendants were the owners of a two-story brick and
adobe building situated in the business section of Salt Lake
City. The building was 40 years old. The ground floor was
divided into two storerooms, and the upper floor was divided
into eight rooms adapted for living quarters. There was evi-
dence that the east wall of the building was defectively con-

structed, in that it had not been sufficiently anchored and braced. The defendants, however, became the owners of the property long after the building had been constructed, and had no knowledge of the supposed defect. The roof of the building was so arranged that the water falling upon the easterly half of the roof was diverted to the southeast corner and there discharged through a down spout to the ground. The down spout had been out of repair and water had leaked out of it for a considerable time, and finally it had fallen off so that at the time the premises were leased to plaintiff the situation was such that water from the east half of the roof was discharged at the southeast corner of the roof and portions thereof fell against the walls of the building at the corner, with the result that the wall materials were gradually decomposed and weakened.

On January 23, 1923, the rooms of the upper or second floor were leased to the plaintiff for the sum of $50 per month. The rooms directly over the east wall were thereafter occupied by the plaintiff and his wife for living quarters. The storeroom on the west side of the ground floor was rented to a separate tenant, and the storeroom on the east side was vacant. On April 18, 1923, while the plaintiff and his wife were eating lunch at midday in one of the leased rooms and without any known immediate cause therefor, the east wall gave way and the east portion of the building, including the room occupied by the plaintiff and his wife, collapsed and fell to the ground, resulting in the injuries and damages sued for. The foundation of the building remained intact.

Previous to the letting of the premises to plaintiff, a former tenant had notified defendants' agent that the down spout had fallen or broken off, and the plaintiff testified that he knew there was no down spout from the roof when he took possession of the leased premises. The fact that the water falling on the east portion of the roof, under the circumstances, would necessarily drain along and on the corner of the walls of the building, was open and obvious, and was in fact known to the plaintiff when he leased the premises.

The case for the plaintiff depends upon whether or not the

defendants were guilty of legal negligence in thus permitting the wall of the building to weaken and fall.

The general proposition is well settled that in the absence of warranty, deceit, or fraud on the part of the landlord, the lessee takes the risk of the quality of the premises, and cannot make the landlord answerable for any injuries sustained by him during his occupancy by reason of the defective condition of the premises or their family construction. *Doyle* v. *Union Pac. Ry. Co.,* 147 U. S. 413, 13 S. Ct. 333, 37 L. Ed. 223; *Reams* v. *Taylor,* 31 Utah, 288, 87 P. 1089, 120 Am. St. Rep. 930; *Walsh* v. *Schmidt,* 206 Mass. 405, 92 N. E. 496, 34 L. R. A. (N. S.) 798, and annotation following.

It is also established that in cases where the landlord lets out portion of his property to separate tenants, and retains in his own possession and control passageways, stairways, and the like for the common use of all tenants, the landlord is under the responsibility of a general owner of real estate who holds out a general invitation to others to enter upon and use his property and is bound to see that reasonable care is exercised to have the portions of his property thus retained by him reasonably fit and safe for the uses which he has invited others to make of them. *Siggins* v. *McGill,* 72 N. J. Law, 263, 62 A. 411, 3 L. R. A. (N. S.) 316, 111 Am. St. Rep. 666. In further exposition of the doctrine, Mr. Justice Pitney in the case last cited says:

"It is in no wise opposed to the rule which exempts the land- lord from liability for the condition of premises that are demised, but is plainly distinguishable therefrom. In the case of a demise the entry and occupancy are pursuant to an estate vested in the tenant, and are exclusive of the landlord; while in the case of passageways and stairways that are retained in the legal possession of the landlord, and are simply used by the tenants as appur- tenances to the property demised to them, their ingress and egress are by virtue either of invitation or of necessity."

Other cases cited by plaintiff's counsel are the following: *McGinley* v. *Alliance T. Co.,* 168 Mo. 257, 66 S. W. 153, 56 L. R. A. 334; *Dollard* v. *Roberts,* 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238; *Alperin* v. *Earle,* 55 Hun. 211, 8 N. Y. S. 51;

*Pittsfield C. M. Co.* v. *Pittsfield Shoe Co.,* 71 N. H. 522, 53 A. 807, 60 L. R. A. 116; *Karlson* v. *Healy,* 38 App. Div. 486, 56 N. Y. S. 361; *Glickauf* v. *Maurer,* 75 Ill. 289, 20 Am. Rep. 238; *Kneeland* v. *Beare,* 11 N. D. 233, 91 N. W. 56; *Eagle* v. *Swayze,* 2 Daly (N. Y.) 140; *Bold* v. *O'Brien,* 12 Daly (N. Y.) 160; *Rauth* v. *Davenport,* 60 Hun, 70, 14 N. Y. S. 69; *Toole* v. *Beckett,* 67 Me. 544, 24 Am. Rep. 54.

It is upon this general doctrine that the plaintiff relies, and to bring his case within the operation of the rule it was alleged in the complaint that the defendants retained possession and control of the roof and side walls of the building. This allegation was denied in the answer, and the only proof upon the subject was the testimony of the plaintiff that he had nothing to do with the down spout, or the storerooms below, or the area around the basement and cellar.

We think the legal doctrine relied upon by plaintiff is not applicable to the facts in the instant case. Here there was no appurtenance or utility separate from the demised premises which the tenant was invited to use. There was no covenant or promise to repair and no active negligence or affirmative wrongful act on the part of defendants. One or more of these elements were present and formed the basis of liability in each of the cases above cited and relied upon by plaintiff.

In *Miles* v. *Tracey* (Ky.) 89 S. W. 1128, 28 Ky. Law Rep. 621, 4 L. R. A. (N. S.) 1142, under facts very similar to the case under consideration, it was held:

"The foundations and walls of a building the different floors of which are leased to different tenants cannot be regarded as within the possession of the landlord, within the rule that he is liable for injuries to the tenants through defects in portions of the building remaining within his control."

See, also, *King* v. *Cassell,* 150 Ky. 537, 150 S. W. 682, 42 L. R. A. (N. S.) 774.

In *Ward* v. *Fagin,* 101 Mo. 6669, 14 S. W. 738, 10 L. R. A. 147, 20 Am. St. Rep. 650, the court, in disposing of a similar question said:

"And, if it be conceded, as it must from the authorities, that the landlord is not bound to keep the leased premises in repair, the

same principle will apply whether the tenant be lessee of the whole premises or of only a portion thereof; for what is true of the integer of nonliability must be equally true of each of its component fractions."

To the same general effect is, *Thum* v. *Rhodes*, 12 Colo. App. 245, 55 P. 264.

We think the evidence in this case clearly shows that the injuries sustained resulted from defects in the premises demised to plaintiff, which risk he assumed when he entered under his lease.

Judgment affirmed.

GIDEON, C. J., FRICK, J., and WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.

The term of office of Hon. A. J. Weber, who was Chief Justice, expired before disposal of case.