439 P.2d 853

Jose F. MONTOYA, Plaintiff and Appellant,

v.

BERTHANA INVESTMENT CORPORATION, Inc., and Robert E. Sanders and Shirley M. Sanders, husband and wife, Defendants and Respondents.

No. 11113.

Supreme Court of Utah.

April 17, 1968.

P. LeRoy Nelson, M. Blaine Peterson, Ogden, for appellant.

Rex J. Hanson, Merlin R. Lybbert, of Hanson & Baldwin, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a summary judgment dismissing the case as to defendant Berthana. Affirmed. No costs awarded.

Plaintiff's son, 11, suffered a kidney injury while skating at defendants Sanders'

roller rink, from which injury he died. The only evidence adduced under the discovery process, indicated that the youth was pushed into the arm of a wall chair by a third person, and there is nothing in the record in the way of countervailing evidence or refutation.[1] This would not impose liability on a lessor, who had no control over patrons of the skating rink.

Plaintiff says that under the terms of a lease from Berthana, lessor, to Sanders, lessees, the former permitted the latter to operate the rink, knowing or having reason to know that a wall bench, having an arm rest that protruded slightly beyond the bench itself, which in turn was situate on a platform above the floor, was an obvious and dangerous instrumentality that rendered the lessor liable for injuries sustained by patrons of the rink operators. These were allegations,—not proof. By employing the discovery process under the rules, by affidavit and interrogatories directed to each party by the other, there developed a clear departure from pleading and proof, that precipitated no genuine issue of fact, but one of law based on the evidence submitted by both parties before trial.

Plaintiff appended pictures of the chair or bench to the record in this case for the first time on appeal. Nonetheless, assuming they had been a part of this record, they negate any claim of a known dangerous instrumentality on the part of the lessor Berthana. We have taken a look-see at these pictures, albeit we did not have to, and they do not reflect any similarity to a latent and incipient nuisance that could impose liability on a lessor that might be an exception to the general principles anent a lessor's liability to his tenant or the latter's patron. The chair or bench was there for anybody to see. The facts in Larson v. Calder [2] and the decision therein, are so far afield from the instant case as to preclude that case from being any authority here. There, a lessor leased a shooting gallery to a tenant. The shooting gallery's backstop had holes and cracks through which anyone with common sense would know presented a highly dangerous hazard to those who might be using a walk on the other side of a wooden backstop, oblivious to the danger which a lessor reasonably should have known to exist. Larson v. Calder represents an exception to the general principles governing liability of a lessor to his tenant's patrons, considering the element of control, and this is quite obvious, since the decision itself cited many cases enunciating the general rule and then indi-

1. See Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624 (1960).

2. 54 Utah 325, 180 P. 599 (1919).

cated clearly that this shooting gallery situation was an exception thereto,—almost in the same category as a spring gun, so to speak. We think that case, relied upon almost entirely by plaintiff is inapropos under the facts of the instant case. We prefer to refer the reader to cases of our court which more nearly fit the circumstances of the case here,[3] which we believe to be controlling. We think Singleton v. Alexander,[4] cited by plaintiff, inapropos for similar reasons.

There seems to be some sort of inconsistency in this case in that the injury concededly occurred on December 14, 1966, but the lease upon which the parties seem to rely was dated January 1, 1967, two weeks later. It is of no consequence to Berthana, however, in light of our decision here, but the chronology of events is pointed out so that the record, if necessary, might be corrected by the remaining litigants.

At this juncture, the case has to do only with the question of a lessor's liability under the unrefuted facts developed by the discovery process. We do not venture even a guess as to the rights and obligations of the others in this case, which still is pending.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

3. Reams v. Taylor, 31 Utah 288, 87 P. 1089, 8 L.R.A.,N.S., 870 (1906) ; Wilson v. Woodruff, 65 Utah 118, 235 P. 368, 43 A.L.R. 1269 (1925).

4. 19 Utah 2d 292, 431 P.2d 126 (1967).