Rockingham, }
March 6, 1923. }

### CLARIBEL E. MARSTON *v.* KOLMAN ANDLER.

A landlord is not liable for an injury to his tenant from defective premises unless there is such a concealment of defects not open to ordinary observation as amounts to fraud or deceit.

CASE, for negligence. Trial by jury and verdict for the plaintiff. This is an action of a tenant against a landlord to recover for injuries caused by an alleged defect in the floor of a tenement. At the close of the plaintiff's evidence the defendant moved for a nonsuit. This motion was denied, and the defendant excepted. Transferred from the April term, 1922, of the superior court by *Branch*, J. The facts are stated in the opinion.

*Sewall & Waldron*, for the plaintiff.

*Ernest L. Guptill* and *Bartlett & Mitchell*, for the defendant.

PLUMMER, J. "There is no warranty implied in the ordinary contract of letting that the premises are reasonably safe or suitable for the uses intended, or that the landlord will keep the leased premises in repair; and in the absence of any warranty, or of deceit or fraud on the part of the landlord, the lessee takes the risk of the quality of the premises, and cannot make the landlord answerable for any injuries sustained by him during his occupancy by reason of the defective condition of the premises, or even of their faulty construction." *Towne* v. *Thompson*, 68 N. H. 317, 319.

This action is not for a breach of a warranty nor for the non-fulfillment of an agreement to repair. It is an action for negligence. The only question presented by the evidence upon the issue of negligence is this: did the defendant in leasing the plaintiff the tenement, practice deceit upon her, and did she thereby suffer injury? "It is generally held that a tenant, a member of his family, or his guest, cannot sue a landlord in tort for personal injuries due to his omission to repair premises which have passed into the possession and control of the tenant, even if the landlord has agreed to make repairs." *Dustin* v. *Curtis*, 74 N. H. 266, 269, and cases cited; *Petroski* v. *Mulvanity*, 78 N. H. 252; *Barrett* v. *Company, ante*, 354.

"The only duty the law imposes on a landlord for the benefit of

his tenants, in so far as the leased premises are concerned, is, that of not deceiving them as to the dangers incident to their use of which he does and they do not know." *Kambour* v. *Railroad*, 77 N. H. 33, 46.

In this case, the defect or disrepair in the tenement of which the plaintiff complains was as follows: there was a hole in the kitchen floor, and before the plaintiff's occupancy, a box board had been nailed over the hole. The board was placed on top of the floor. The plaintiff had been informed that there was trouble with the floor before she occupied the tenement. After she moved in, she saw the board that had been nailed over the hole in the floor and placed a carpet over it. Some three months subsequent she removed the carpet because she was going to clean house the next day. She then saw that the board had warped and curled up. The next morning she caught her foot on this board, and injured her right leg. Whatever the defendant might have said to her about the condition of the tenement, she was not deceived as to this defect in the floor which it is alleged caused the accident. It was not a secret or concealed defect, but was open and visible to ordinary observation, and the plaintiff observed it, and was fully aware of it. Under such circumstances the defendant cannot be held liable in this action. "The landlord is not liable unless there is such a concealment of defects not open to ordinary observation, which cause the injury, as to amount to fraud or deceit." *Clark* v. *Sharpe*, 76 N. H. 446; *Cate* v. *Blodgett*, 70 N. H. 316.

*Exception sustained: judgment for the defendant.*

All concurred.