Matthias, J.
 

 It is disclosed by the record that the building in question was leased by the owner, Marqua, to Volker, and that during the period of the lease the owner reserved no control or supervision whatever over the premises. That there is no liability on the part of such landlord to an invitee of the lessee, unless such liability arises out of a failure to discharge a duty prescribed by statute, has been clearly and definitely determined in this state.
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 30 Am. Rep., 767. In the cases of
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584,
 
 Shinkle, Wilson & Kreis Co.
 
 v.
 
 Birney & Seymour,
 
 68 Ohio St., 328, 67 N. E., 715, and
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746, the rule of non-liability of a landlord, under such circumstances as disclosed by the record, was adhered to. The first paragraph of the syllabus in the
 
 Stackhouse case
 
 is:
 

 “A lessor of a building out of possession and
 
 *59
 
 control is not liable to the tenant or other person rightfully on the premises for their condition, in the absence of deceit or of any agreement or liability created by statute.”
 

 That brings us to the real question presented in this case, and that is whether the defendant Marqua had violated the provisions of Section 12578, General Code, by reason of which violation the injury to plaintiff resulted.. The plaintiff below relied upon the provisions of Section 12578, General Code, as creating such liability, and therefore giving rise to a cause of action on behalf of the plaintiff against the defendant Marqua, the owner of the building. The provisions of that section are as follows:
 

 “Whoever, being a person, society, firm, agent, representative of a private or corporate authority or society, committee, commission or board acting under any authority whatever, erects or causes to be erected, or, being an architect, engineer, builder, or other person, furnishes a plan, description or specification for the purpose of erecting a building, structure, room or place Where persons are invited, expected or permitted to assemble for entertainment, judgment, amusement, instruction, betterment, treatment, care or any other purpose, which does not conform to each requirement of the next fourteen succeeding sections, or makes an addition to or alteration in such building, structure, room or place which, in construction, arrangement or means of egress does not conform thereto, or is dangerous to the health or life of the persons therein assembled, shall be fined not less than one hundred dollars nor more
 
 *60
 
 than one thousand dollars or imprisoned in the county jail not less than ten days nor more than sixty days, or both, and shall also be liable in damages to any person injured thereby and to criminal prosecution for loss of life.”
 

 It is not contended that in the construction of the building there was any failure whatever to “conform to each requirement of the next fourteen succeeding sections”; but the claimed liability of the defendant Marqua is based upon the proposition that such construction, notwithstanding its conformance to the requirements of said 14 sections, was such as to be “dangerous to the health or life of the persons therein assembled,” and was a violation of the statute, giving rise to the liability of the owner of such structure to any person injured.
 

 It was the opinion of the trial court that the requirements of Section 12578, General Code, which had application to the builder and owner of a structure such as referred to in that section, were only that he should comply with the details set forth in the 14 succeeding sections, and that the requirements made in such section have reference only to alterations made in any such building, while the Court of Appeals adopted the view that the phrase “dangerous to the health or life of the persons therein assembled” referred, not only to additions or alterations, but also to new construction. In a similar case it was held by Judge Peck of the federal District Court, in construing the same section, that in cases of new construction offense is committed only by the violation of one of the 14 sections referred to, and
 
 *61
 
 that the words “or is dangerous to the health or life of the persons therein assembled” apply obviously only to the language “or makes an addition to or alteration in,” etc.
 

 In reviewing the record for the purpose of determining whether the trial court erred in directing the jury to return a verdict in favor of the defendant Mar qua, the Court of Appeals concluded that, while there was nothing in the evidence to show the violation of any of the 14 succeeding sections referred to in the statute, there was some evidence tending to show faulty new construction, dangerous to health or life, and because thereof the question became one for determination by the jury. Among the requirements prescribed by these 14 sections are those fixing the width of stairways and doorways, and those prescribing the sustaining power of the floors and the nature and dimension of the walls supporting the roof.
 

 Formerly the statute (Section 4238-1, Rev. St.) did not set forth detailed requirements as to means and methods of construction of such buildings, but merely required in general terms that such construction or alteration should not be such as to be dangerous to the health or life of persons there assembled. In the later statute, that which we now have under consideration (Section 12578, General Code), both in the original construction and in the making of additions or alterations, compliance with the provisions of the 14 succeeding sections referred to was required. But the question presented is whether the phrase, “or is dangerous to the health or life of the persons therein as
 
 *62
 
 sembled,” relates to the making of an addition or alteration, which provision it immediately follows, or whether it relates also to original construction referred to in the earlier portion of the section, and therefore requires that the original construction shall not only conform to the requirements of the 14 succeeding sections, but that such original construction must also be such that it shall not subsequently become “dangerous to the health or life of the persons therein assembled.” In our opinion the phrase “dangerous to the life or health of the persons” has reference only to alterations. A fair construction of the language employed seems to require that conclusion. The later statute, whatever may have been the reasons of the Legislature for the change, makes clear distinction between requirements for original construction and the requirements for alteration of buildings previously constructed. If that were the purpose of the Legislature, language could not have been better used to accomplish that purpose than is employed by this section. It can scarcely be said that ¡Section 12578, General Code, is a mere continuation in force by codification of Section 4238-1, Revised Statutes, for it extends and quite fully details the requirements and obligations under the building code, as a reference to the sections indicated discloses, and, though the rule applies that where general statutes have undergone revision and consolidation by codification there is a presumption that the construction thereof will be the same as prior thereto, yet where the language of the revised section is plain and unambiguous it is the duty of the court to give it the
 
 *63
 
 effect required by the plain and ordinary signification of tbe words used, whatever may have been the language of the prior statute. State v.
 
 Williams,
 
 104 Ohio St., 232, 135 N. E., 651.
 

 It is further to be borne in mind that statutes of the nature of that under consideration are in derogation of the general law long established and well understood, and for that reason, and the further reason that they are penal in their nature, fall within the rule of strict construction, and the meaning and application thereof cannot be extended by judicial interpretation beyond the plain letter of the statute.
 

 It follows that the judgment of the Court of Appeals should be reversed and thatruf the common pleas affirmed. (
 

 Judgment reversed.
 

 Marshall, C. J., Robinson and Jones, JJ., concur.