Kinkade, J.
 

 The parties will be referred to in this opinion as they stood in the trial court. The plaintiff, Barbara Deters, brought an action against the defendant, “William R. Goodall, seeking to recover $5,000 damages for a personal injury, and $150 loss of salary as the result of the injury, total $5,150.
 

 The defendant was the owner of an apartment building. The plaintiff rented and occupied a room
 
 *433
 
 in the building under an oral lease from month to month. Nothing was said by either party to the other about repairs to any part of the room. The defendant employed a carpenter to make any repairs needed in the parts of the building not rented to tenants, but used by them in common, such as stairways, main halls, roof and the like, and informed the carpenter that if any tenants reported to him that repairs were necessary in any of the rooms, the carpenter should attend to such repairs. This instruction given by the defendant to his carpenter was not communicated to the plaintiff by the defendant or by any one. No request by the plaintiff was ever made to the carpenter for any repair to any part of the room she occupied, nor did the plaintiff at any time inform the owner or the carpenter that anything connected with the room was out of repair.
 

 There were double doors opening into the room from the hall. One of the doors only was used by the tenant. Over this door was a large transom, with a mechanical device on the inside of the room and fastened to the door jamb, to be used in opening and closing the transom. The transom could not be opened from the hall side of the door.
 

 As the plaintiff was stepping through the door into the hall, about a month after she commenced to occupy the room, the transom fell from its position over the door to the floor below, and in its descent struck and injured the plaintiff. The room was in the sole and exclusive possession of the plaintiff. No other person used that door or room, and no one other than the plaintiff had any right to use the door, the transom, or the room.
 

 If the transom was out of repair in any way, that
 
 *434
 
 fact was wholly unknown to the defendant, the landlord. The plaintiff testified that she did not know the transom was out of repair, and she further testified that she had never tried to open the transom. The defendant, who was called for cross-examination, testified that he was in the room at or about the time the room was let to the plaintiff, and that the transom and everything else about the room appeared to him to be in good condition in all respects, and he further testified that, in replacing the broken glass of the transom, and repairing the parts of the frame and attachments which had been broken by the fall, no decayed or defective parts were discovered, and that this inspection in that connection showed that the transom in all its parts was in good condition immediately prior to the time it fell to the floor as stated.
 

 There was some conflict in the evidence as to whether the plaintiff, when hit by the falling transom, fell back into the room or fell in the hall just outside the door. She testified that she fell in the hall. The plaintiff, in stating her cause of action in the petition, made the following allegations:
 

 “Plaintiff further says that on or about the day aforesaid as she was in the act of leaving the apartment she was occupying, and about to step out into the hallway, a transom window above the doorway leading from her apartment to the hallway, which was negligently constructed and carelessly managed, that the same had become out of repair and decayed and dangerous and on said day, defendant well knowing the premises negligently and wrongfully left the same unguarded and without any signal or warning in consequences whereof,
 
 *435
 
 plaintiff, while properly and necessarily in the use of said entrance way and without fault on her part, said transom window fell striking her on and about her head and body.”
 

 There is no evidence in the record to sustain the charge that the transom was decayed, defective, or dangerous, or that the defendant knew that such was its condition. The plaintiff’s counsel contend that the undisputed fact that the transom fell is some evidence that it was defective, and that, if defective,' in any way, then the doctrine of
 
 res ipsa loquitur
 
 applied and cast upon the defendant the duty to show by a preponderance of the evidence that he was not negligent. Such is not the law of Ohio. This court, in the case of
 
 Shinhle, Wilson & Kreis Co.
 
 v.
 
 Birney & Seymour,
 
 68 Ohio St., 328, 67 N. E., 715, stated the law in the syllabus as follows: ‘ ‘ The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired.”
 

 This case has been approved and followed in the cases of
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746, and
 
 Marqua
 
 v.
 
 Martin,
 
 109 Ohio St., 56, 141 N. E., 654.
 

 We see no merit in the contention that plaintiff’s claim can be sustained by the application of the doctrine of
 
 res ipsa loquitur.
 
 That principle is often applied where the instrumentality causing the injury is in the exclusive possession and control of the defendant in the action.
 
 Glowacki
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, 53 A. L. R., 1486. Such is not the case
 
 *436
 
 here. The premises were in the exclusive control, in this instance, of the plaintiff. If the falling of the transom had injured some one other than the plaintiff, who had brought suit against the plaintiff for damages, it might afford some ground calling for the application of the doctrine of
 
 res ipsa loquitur
 
 against the plaintiff, but it has no place in this action.
 

 The common pleas court directed the jury to return a verdict in favor of the defendant at the close of the plaintiff’s evidence, and entered judgment accordingly. The Court of Appeals reversed this judgment for error in taking the case from the jury. The action of the trial court in directing a verdict for the defendant was correct. The judgment of the Court of Appeals will be reversed and that of the common pleas affirmed.
 

 Judgment of Court of Appeals reversed and judgment of court of common pleas affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.