## KRUG v LINK

Ohio Appeals, 1st Dist, Hamilton Co
No 3575. Decided March 10, 1930

Hunt, Bennett & Utter, Cincinnati, for Krug.

Ragland, Dixon & Murphy, Cincinnati, for Link.

**FARR, J.**

ROSS, J.

The Ohio Law governing the liability of the lessor to a tenant for defects in the demised premises, has been definitely settled by a number of decisions of the Supreme Court of Ohio.

" 'Where a lease is taken of a portion of a builidng where dangerous conditions exist, the lessee will be chargeable with knowledge of defects which are patent, and unless he has fortified himself by an express warranty of the safety of the building, or unless his lessor, with knowledge of some defect which endangers the building and which an inspection will not disclose, is guilty of fraud by concealing the defect from him, he will have no remedy against his landlord for a loss sustained in consequence of the unsafe conditions.' Citing, Thum Bros. v. Rhodes, 12 Colo. App., 245.

"In cases of this character there is no place for the doctrines or phrases of the law of negligence. Negligence is the violation of an obligation to exercise care. That obligation may inhere in the relations into which parties have been brought by contract, but it is not an incident to the making of the contract. What the law exacts in that regard is not care, but honesty."

**C. C. C. & St. L. Ry. Co. v. Ohio Postal Tele. Cable Co., et al., 68 Oh St., 328, at page 336.**

"A lessor of a building is not liable to the lessee or others lawfully on the premises, for its conditions, in the absence of actual or constructive concealment, or for any agreement, or for the violation of a duty imposed by statute." **Shinkle v. Birney, 68 Oh St., 328; Burdick v. Cheadle, 26 Oh St., 393; Shindelbeck v. Moon, 32 Oh St., 267.**

**Stackhouse v. Close, et al., 83 Oh St., 339,** at page 351.

In the case of **Marqua v. Martin, 109 Oh St., 56,** at page 58, the Supreme Court, quoting from the case of Stackhouse v. Close, et al, supra, said:

"A lessor of a building out of possession and control is not liable to the tenant or other person rightfully on the premises for their condition, in the absence of deceit or of any agreement or liability created by statute."

See also: **Goddall v. Deters, 121 Oh St., 267.** (Ohio Law Bulletin & Rep., January 27, 1930). On page 269, it is stated:

"This court, in the case of **Shinkle, Wilson & Keris Co. v. Birney & Seymour, 68 Oh St., 328, 67 N. E., 715,** stated the law in the syllabus as follows: 'The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired.'

"This case has been approved and followed in the cases of **Stackhouse v. Close, 83 Oh St., 339, 94 N. E., 746,** and **Marqua v. Martin, 109 Oh St, 56, 141 N. E., 654.**"

It is contended that the 1-4 inch glass constituted a structural defect, and that the landlord was guilty of fraud in renting the premises in this condition, without advising the tenant of the character and strength of the glass.

Even if the glass constituted a structural defect, which we do not hold, there is nothing in the record to show that the landlord knew of this before renting the premises, or that he concealed it from the tenant, or that the tenant inquired as to the thickness and strength and character of the glass, or was prevented from testing it, or that the landlord had any means of knowing that the glass would not bear the weight of an adult, or that it would not resist the force of a person of the weight of the wife of the tenant plunged against it. It was apparent to the tenant that the skylights were made of glass. Their purpose as a means of furnishing light to the garage below was also apparent. He was told that he could use the roof as a yard, but he was not told that he could walk upon the glass, or that if his wife fell upon it she would not plunge through.

The fact that the skylights were made of glass, in the absence of direct representation as to the strength and character of the glass, put the tenant on inquiry if he contemplated a use of it other than as a source of light for the garage below. He made no inquiry or test, and the landlord made no representation as to the strength and character of the glass, nor did the landlord conceal anything from the tenant. In short the record wholly fails to show any fraud or deceit upon the part of the lessor upon which liability could be predicated under the authorities noted above.

The trial court committed no error in instructing a verdict, and the judgment is affirmed.

Cushing, PJ, and Hamilton, J, concur.