## MINNEKER v GARDINER

Ohio Appeals, 6th Dist, Lucas Co

No 2788. Decided Nov 27, 1933

Powell & Starritt, Toledo, for plaintiff in error.

Miss Dorothy Karl and Silas E. Hurin, Toledo, for defendant in error.

## OPINION

By RICHARDS, J.

Taking all of these averments to be true, the interesting question arises as to whether the landlord is liable for personal injuries suffered by the plaintiff, a daughter and employe of the tenant.

Able briefs have been furnished by counsel on both sides, which have been very helpful to the court.

We approach the solution of this question having in mind the legal principle that a lease is a conveyance of an interest in real property for a specified period or at will. Under such circumstances, the rule is nearly universal that when there is no fraud nor concealment by the landlord as to defects in the premises known to him and unknown to the tenant, the rule of caveat emptor applies and the tenant would take the premises in whatever condition they were in. He would therefore assume all risk of personal injuries from defects in the premises.

This principle, however, does not completely dispose of a case where the landlord has made a valid contract to repair the premises and failed to comply therewith. Certainly, in such case, the landlord remains liable for the breach of a valid contract to make repairs, but it does not follow that the measure of liability would include damages for personal injuries to the tenant or a member of the tenant's family or an employe of the tenant. A quite similar case was considered and decided in Thompson v Clemens, Jr., 96 Md., 196. That was a case in which the wife of a tenant sustained injuries in falling through the floor of a porch attached to a house rented by her husband from the defendant. It was alleged that the defendant had promised to maintain the premises in "good, safe and perfect condition" and that the porch, on account of its defective condition, known to the defendant and which he had, in consideration of further payment of rent, promised to repair but negligently failed to do, gave way and that the plaintiff fell through the opening and sustained serious injuries. It was held that no action could be maintained by the tenant or one of his family against the landlord to recover damages for personal injuries thus caused, since the damages were too remote and not within the contemplation of the parties as the natural result of the breach of the contract.

Similar decisions have been rendered in many cases. A notable instance is the case of Davis v Smith, 26 R. I., 129, the syllabus of which reads as follows:

"A landlord, who has agreed with his tenant to make repairs, is not liable in tort to a member of his tenant's family who has received personal injuries resulting from the landlord's neglect to repair."

Another case illustrating the rule is Mc-Ginn v French, 107 Wis., 54.

The foregoing cases are only a few samples of a great many that could be cited to sustain the proposition asserted. A leading case is Jacobson et v Leventhal, 128 Me., 424, also reported in 68 A.L.R., 1192, where it is followed by an elaborate annotation on the precise question now under consideration. The syllabus of the case reads as follows:

"Breach by a lessor of his agreement to make repairs does not render him liable for personal injuries due to the want of repair."

In the annotation, authorities are collected from the various states and the majority rule announced as above stated. That rule shows that it is applicable to the instant case and that the landlord is not liable for personal injuries to either the

tenant or to a member of his family, a guest, customer or employe. In the case at bar the plaintiff was not only a member of the tenant's family but an employe, assisting in the conduct of the store, and thus presumably familiar with the conditions existing.

Thus far we have assumed that a valid contract existed binding the landlord to make the repairs. We think the averments of the amended petition do not show a consideration for the promise alleged to have been made by the landlord. The tenant was already in possession under lease from month to month and whether the agreement related to the month within which it was made, or to a later month, it was referable to the possession already had by the tenant and seemingly without any valid consideration. The case of **Grace v Williams, 36 Oh Ap, 569,** is consistent with this conclusion.

The trial court committed no error in rendering judgment on the pleadings, and that judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.