Hart, J.,
 

 concurring. When this case was admitted to this court on motion to certify the record for review, the writer of this concurring opinion felt that the rule of liability or nonliability of a landlord for injury to his tenant or those in privity with the tenant, because of the dangerous condition of the premises let, as applied to that relationship with reference to a modern office building occupied by many different individual tenants, each occupying a relatively small portion of the building, should be re-examined.
 

 
 *621
 
 The appellant stoutly maintains that because of the claimed extension of the exercise of supervision over and control of the premises by the landlord in the case of such tenancies, as compared with those where a single tenant is in possession of an entire building, the general or ordinary rule that the landlord is not liable for injuries due to the dangerous condition of the premises does not obtain. This claim has challenged the writer of this concurrence to a renewed and somewhat careful search as to the varied factual situations providing the bases of liability growing out of such relationship, and as to the modern authorities dealing therewith.
 

 It has long been the rule that the landlord is responsible for the safe condition of stairways and areaways used in common by all the tenants of a tenement building, on the.theory that the landlord and not the tenant is in possession and control of these areas.
 
 Davies, a Minor,
 
 v.
 
 Kelley,
 
 112 Ohio St., 122, 146 N. E., 888;
 
 Wilson
 
 v.
 
 Woodruff,
 
 65 Utah, 118, 235 P., 368, 43 A. L. R., 1269. But an examination of the authorities indicates that, according to almost universal judicial opinion, this responsibility does not extend to areas within the private offices of the landlord’s tenants.
 

 Premises may be demised though they be in a ruinous and dangerous condition, and the tenant takes them as he finds them with all existing defects of which he knows or can ascertain by reasonable inspection. 32 American Jurisprudence, 516, Section 654;
 
 Goodall
 
 v.
 
 Deters,
 
 121 Ohio St., 432, 169 N. E., 443. In fact, it is his duty to make examination of the premises to determine their safety and adaptability for the purpose for which they are rented.
 
 Mansell
 
 v.
 
 Hands, Exrx.,
 
 235 Mass., 253, 126 N. E., 391, 13 A. L. R., 835.
 

 The basis of the responsibility of the tenant for the condition of the premises is that the contract of letting
 
 *622
 
 makes him the .real owner and possessor of the premises for the term of the tenancy and makes him, rather than the landlord out of possession, responsible for their condition. . . . •
 

 !The general rule is that, in the absence, of "a ‘warranty on the part of the landlord that the premises are fit for the purpose for which they are let and in the absence of concealment or fraud by the landlord as to some defect, structural or otherwise, in the premises, the tenant takes them in whatever condition they may be, thus assuming all risk of personal injury from defects therein, and neither he nor his invitees can hold the landlord liable for personal injuries resulting from such defects. 32 American Jurisprudence, 597, Section 723;
 
 R. C. H. Covington Co.
 
 v.
 
 Masonic Temple Co.,
 
 176 Ky., 729, 197 S. W., 420, L. R. A., 1918A, 436; 2 Restatement of Torts, 969, Section 358;
 
 Divines
 
 v.
 
 Dickinson, Recr.,
 
 189 Iowa, 194, 174 N. W., 8, 12 A. L. R., 155;
 
 Stumpf, Exr.,
 
 v.
 
 Leland,
 
 242 Mass., 168, 136 N. E., 399;
 
 Marston
 
 v.
 
 Andler,
 
 80 N. H., 564, 122 A., 329;
 
 Charlton
 
 v.
 
 Brunette,
 
 81 N. H., 13, 120 A., 726;
 
 Hatzis
 
 v.
 
 U. S. Fuel Co.,
 
 82 Utah, 38, 21 P. (2d), 862;
 
 Minneker
 
 v.
 
 Gardiner,
 
 47 Ohio App., 203, 191 N. E., 793;
 
 Miller
 
 v.
 
 Vance Lumber Co.,
 
 167 Wash., 348, 9 P. (2d), 351 (injury from falling plaster);
 
 Cullings
 
 v.
 
 Goetz,
 
 256 N. Y., 287, 176 N. E., 397;
 
 O’Connor
 
 V.
 
 Andrews,
 
 81 Tex., 28, 16 S. W., 628;
 
 La Freda v. Woodward, Exr.,
 
 125 N. J. Law, 489, 492, 493, 15 A. (2d), 798, 130 A. L. R., 1269;
 
 Trondle
 
 v.
 
 Ward,
 
 129 N. J. Law, 179, 28 A. (2d), 509.