People of State of Illinois, Plaintiff in Error, v. Herman Hardt, Ronald Laycock and Carl Ahrenstedt, Defendants in Error.

Gen. No. 43,576.

154 

 

 Opinion filed May 29, 1946. Rehearing denied June 12, 1946. Released for publication June 13, 1946.

WILLIAM J. TUOHY, State's Attorney, for plaintiff in error; EDWARD E. WILSON, JOHN T. GALLAGHER and W. S. MIROSLAWSKI, Assistant State's Attorneys, of counsel.

THOMAS J. CAVANAGH, of Chicago, for defendants in error; ODE L. RANKIN and ROBERT G. CORBETT, both of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This writ of error is prosecuted by the People of the State of Illinois to review an order of the criminal court of Cook county which quashed the second count of an indictment charging the defendants in error with malicious mischief. Said count charged the defendants with unlawfully and maliciously injuring and defacing a certain dwelling house located at 635 Sheridan road, Glencoe, Cook county, Illinois, by "removing certain molding from a wall of the living room of said building, and by then and there removing certain pins from a certain door between said living room and the dining room of said building, and by then and there pulling a certain panel away from a wall of a certain room of said building," the damage resulting therefrom being less than $15, which building was "occupied by, and in the lawful possession of and under the control of Hamilton Moses, Junior, and Bettyanne T. Moses, (who then and there were lessees of said building and then and there as such lessees had the right of possession of said building,) . . . without then and there having the consent of said Hamilton Moses, Junior, and Bettyanne T. Moses, and without then and there having the consent of either of them . . . contrary to the Statute . . . ." The indictment

was drawn under section 192 of the Criminal Code (par. 425, ch. 38, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 37.378]), the pertinent portion of which is as follows: "Whoever wilfully and maliciously destroys, injures or defaces any building or fixture attached thereto, without consent of the owner, . . . " shall be punished as therein provided.

Defendants' motion to quash asserted the following grounds:

"That in and by Count 2, it is charged that the defendents were guilty of feloniously, wilfully, mischievously and maliciously injuring and defacing a building, but there is no allegation in said Indictment that their said actions were without the consent of the owner of the property.

"It does not appear from the face of Count 2 of the Indictment who was the owner of said property.

"Wherefore, defendants say that the said Count 2 of said Indictment fails to state an offense within the meaning of the Statute, and that the said defendants should not be required to answer the same."

The theory of plaintiff in error is that the meaning of the word "owner" as used in the statute defining the crime of malicious mischief is sufficiently comprehensive to include therein the qualified ownership of the tenants in possession of a building under a lease, that the qualified ownership of the prosecuting witnesses in the instant case who occupied the premises as lessees brought them within the purview of said statute and that the charge in the second count of the indictment that the acts of destruction were maliciously committed without said lessees' consent constituted a sufficient charge that such acts were committed *without the owner's consent.*

The position of the defendants in error is that "in pleading a charge of malicious mischief to a building, the pleader must charge specifically or in equivalent language that the owner gave no consent to do the

acts charged to be malicious"; and that "the word 'owner' as used in the Statute in question means owner in fee simple, and the indictment, containing no allegation that the acts charged were done without consent of the owner, omits an essential element of the crime and it was properly quashed."

The real question presented for our determination is whether the trial court erred in holding that count 2 of the indictment was insufficient to charge the crime of malicious mischief, because said count alleged that the defendants' acts of destruction were committed by them *without the consent of the tenants in possession of the building under a lease* rather than *without the consent of the owner in fee simple* of such premises. Insofar as we have been able to ascertain this precise question has not heretofore been considered or determined by any court of review in this State.

Whether count 2 of the indictment is sufficient depends entirely upon the meaning of the word "owner" as used in the foregoing statute defining the crime of malicious mischief. Plaintiff in error insists that the word "owner" as used in said statute is sufficiently comprehensive to include therein the qualified ownership of tenants in possession of a building under a lease. The position of defendants in error is that the statute under which the indictment was drawn must be strictly construed and that the word "owner" as used therein can only mean the owner in fee simple.

While it is true that penal and criminal statutes must be strictly construed and any ambiguity therein resolved in favor of the accused, we think that the term "owner" as used in the statute under consideration was intended to include the qualified ownership of a tenant in control and possession of a building destroyed or injured by malicious acts: In *People v. Lund*, 382 Ill. 213, it was said (215): "The object in construing criminal and penal as well as all other statutes is to ascertain the legislative intent. The rules

as to strict or liberal construction are of value only as assisting in finding the real meaning of the statute."

Section 6 of the Criminal Code (par. 716, ch. 38, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 37.691]) provides as follows:

"Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.".

There can be no question but that the second count of the indictment stated the charge against the defendants "so plainly that the nature of the offense" might be easily understood by a jury. The word "owner" has been variously defined. In *Arms v. Ayer,* 192 Ill. 601, in construing certain provisions of the Fire Escape Act (Laws of 1897, p. 222) the court said at pp. 615, 616: "It has been held that the term 'owner' in similar statutes, does not mean the owner of the fee, but may mean the lessee in actual possession and control of the building." In *Coombs v. People,* 198 Ill. 586, it was said at p. 588: "The word 'owner,' as applied to land, has no fixed meaning which can be declared to be applicable under all circumstances and as to any and every enactment. It usually denotes a fee simple estate, but it has been defined to include one who has the usufruct, control or occupation of land with claim of ownership, whether his interest be an absolute fee or less estate (17 Am. & Eng. Ency. of Law, 1st Ed., 299–300)." In reference to indictments for malicious mischief it is stated in 38 C. J., Sec. 11: "As a general rule, under the statutes, while the person injured must have right of property, it is not necessary that the legal title be in him, and it usually is sufficient that he has a right of possession, although only temporary."

We have carefully examined the authorities cited by defendants in support of their position that the word

"owner" as used in the statute involved herein can only mean the owner in fee simple and that count 2 of the indictment was fatally defective because it did not charge that the alleged acts of destruction were committed without the consent of the owner in fee simple. Inasmuch as we do not consider said authorities applicable to an indictment charging the offense of malicious mischief in respect to a building, it would serve no useful purpose to discuss them.

A "lease" is a conveyance of an estate in real property (*In re Barnett,* 12 F. (2d) 73; *Minneker v. Gardiner,* 47 Ohio App. 203, 191 N. E. 793; *Brenner v. Spiegle,* 116 Ohio St. 631, 157 N. E. 491.) The possession of the tenant is in law the possession of the landlord. (*Phelps v. Kroll,* 211 Iowa 1097, 235 N. W. 67; *Powers v. Malavazos,* 25 Ohio App. 450, 158 N. E. 654; *McWhorter v. Oliver* (Tex. Civ. App.), 2 S. W. (2d) 281.) The title to a leasehold estate which a lessee has during the life of a lease is equivalent for all practical purposes to absolute ownership. (*Baker v. Clifford-Mathew Inv. Co.,* 99 Fla. 1229, 128 So. 827.)

In *People v. Horr,* 7 Barbour's Sup. Ct. Reps. (N. Y.) 9, where the sufficiency of an indictment charging malicious mischief was challenged, the court said:

"It is a general principle that possession is evidence of ownership, both real and personal property; and is conclusive evidence against a wrongdoer. (Cowen & Hill's Notes, 353.) 'And the same principle applies to criminal as well as civil cases.' And Mr. Phillips (1 Phil. Ev., 118, 119) gives many cases in illustration of this rule. It is not denied that the prosecutor must prove the title to the property described in the indictment as he had laid it; and he does so when he gives evidence of possession. That alone is evidence of a special or qualified property, which is sufficient to uphold an averment of ownership, in a civil or a criminal case. In a civil action, when the direct issue is on the title, and the question is which party has the better

title, the defendant may rebut the prima facie evidence arising from possession and show a superior right in himself. Not so in the case of wrongdoer."

In *State v. Mathes & Mills,* 3 Lea (Tenn.) 36, the court said at pp. 36, 37:

"These indictments were quashed in the court below, and the State appeals. They charge the parties with wantonly defacing and otherwise injuring the dwelling house owned by——but occupied at the time by C. C. Spears as a dwelling house, by throwing rocks, sticks and other missiles through windows of the same.

"The indictment was quashed because it failed to state the name of the owner of the house. Section 4652, Code, makes it a misdemeanor to wantonly injure, deface or disfigure any building or fixture attached thereto, or the inclosures thereof, belonging to the State, or any county, city, town, or to any other person.

"We think the question of ownership, that is, the legal title, is of very little importance as an element in this offense. It is the wanton injury to property of this kind that is intended to be punished, and this wrong, perpetrated against the possession of the party in this case, is as great as if it had been averred to have been done against the party holding the legal title. . . . We think the allegation of temporary occupation as a dwelling in this case, is a sufficient statement of ownership under the statute."

In *State v. Whittier,* 21 Maine 341, there was a conviction under a statute which provided that "if any person shall wilfully and maliciously injure or destroy any building without the consent of the owner thereof," he may be punished by fine or imprisonment. That statute is practically identical with ours. The following statement of facts preceded the opinion of the court: "The first count alleged that the defendant on the 20th of April, 1841, beat in the windows and broke the glass of a building, being a dwelling house, the property of one David W. Jackman, and that said

Whittier had not the consent of the owner of said house for the doing said injuries. . . . The county attorney admitted, that both counts were for the same offense. The only evidence adduced in relation to the ownership of the said house was that of said Jackman, who was a witness for the State, and who testified that he hired said house by parol . . . for one year, not then expired, and was occupying the same under that letting, when it was injured as aforesaid. The defendant requested the Judge to instruct the jury, that it was not proved, that said house was the property of said Jackman; but the Judge did instruct the jury, that if said Jackman's testimony was believed, he was the owner of said house, and that the proof aforesaid was sufficient to show that fact for the purposes of this indictment.''

In holding in that case that a tenant may be considered an ''owner'' within the meaning of the statute of Maine relating to malicious mischief to buildings, the court said at p. 346:

''The testimony proved that Jackman was in possession of the house under a parol agreement to occupy it for one year, when the same was injured. It is contended, that this was not sufficient proof of the allegation in the indictment that Jackman was the owner. The rule of law appears to be, that possession is sufficient evidence for that purpose, unless it be that of a servant merely, who is occupying as such for another.''

As to the *Horr* case it is asserted in defendants' brief that the case ''does not indicate that an indictment in a matter of this sort is sufficient if there is no allegation whatever as to the ownership'' and it is asserted as to the *Whittier* case that plaintiff in error ''wholly fails to distinguish between the entirely distinct problems of *what must be alleged in an indictment* charging an offense, on the one hand, and *what evidence is sufficient to prove this allegation,* on the

other hand.'' We think both of these contentions are
lacking in merit. If as was held in the *Horr* and
*Whittier* cases, a tenant may be considered an ''owner''
within the meaning of statutes similar to ours relating
to malicious mischief to buildings, it necessarily fol-
lows that the building in this case was properly laid
in count two of the indictment as that of the tenants
and that said count was not defective because the acts
of destruction were alleged to have been committed
without the consent of the tenants. In section 23 of 38
C. J., which deals with the questions of ownership and
possession in indictments for malicious mischief, it is
stated: ''As the gravamen of the offense is usually
an attempt to injure either the owner or possessor of
the property destroyed or injured, it is sufficient to lay
the ownership to the person in possession at the time
of the offense.'' In *State v. Gilligan*, 23 R. I. 400, 50
Atl. 844, where the defendant was found guilty of
malicious mischief as charged in an indictment, the
court said at p. 845:

''There is no question but that had the building in
this case been laid in the indictment as that of the
lessee, the allegation would have had the support of
abundant authority . . . . 'Ownership,' says
Bishop in his work on Criminal Procedure (Vol. 2, sec.
137, 138), 'is one thing in one offense and another thing
in another . . . . In general possession and
occupancy by the alleged owner are all that are re-
quired. While he need not own the fee, he need not
even pay rent. It is enough that it was his actual
dwelling house at the time. Even a possession unlaw-
ful as against the person claiming title, but lawful as
against the burglar, will suffice.' ''

It is well to call attention to certain established rules
relative to the construction of indictments. In *People
v. Grigsby,* 357 Ill. 141, the court said (p. 147): ''This
Court is not inclined toward so technical a construction
of an indictment as to serve as a protection for the

guilty rather than a defense for the innocent." In *People v. Cohen*, 303 Ill. 523, it was said (p. 525): "Great niceties and strictness of pleading should only be countenanced and supported when it is apparent that the defendant may be surprised on the trial, or unable to meet the charge or make preparations for his defense for want of greater certainty or particularity." "An indictment should not be quashed if it charges the offense substantially in the language of the Statute or in language of similar import." *Hall v. State*, 90 Fla. 719, 107 So. 246. In *Lamb v. State*, 90 Fla. 844, 107 So. 530, it was stated (p. 531): "It cannot be said that the indictment in this case is so vague, inconsistent, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."

The offense charged in count 2 of the indictment in the instant case was clearly defined and described. It cannot be said that the defendants might be surprised and unable to meet the charge or that there was any allegation contained in said count that might mislead the accused and embarrass them in the preparation of their defense or expose them after conviction or acquittal to substantial danger of a new prosecution for the same offense.

We are of the opinion that the term "owner" was used in the statute in question here in a comprehensive rather than a restricted sense, that the tenants in possession and control of the premises may be considered as "owners" within the meaning of said statute, that count 2 of the indictment charged all of the essential elements of the offense substantially in the language of the statute and that the trial court erred in ordering said count quashed.

For the reasons stated herein the order of the criminal court of Cook county quashing count 2 of the

indictment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Order reversed and cause remanded.*

FRIEND, P. J., and SCANLAN, J., concur.