Hart, J.,
dissenting. It is a well recognized principle of law that where the defective or dangerous character of an instrumentality lawfully sold is obvious and apparent to the purchaser who is capable of appreciating the danger involved, the seller is not *487 liable for an injury suffered by the purchaser or his subsequent vendee by reason of such dangerous quality of the instrumentality so sold. Wavra v. Karr, 142 Minn., 248, 172 N. W., 118; Carleton v. Jenks, 80 F., 937; Stultg v. Benson Lumber Co., 6 Cal. (2d), 688, 59 P. (2d), 100; Olds Motors Works v. Shaffer, 145 Ky., 616, 140 S. W., 1047; Bergstresscr v. Van Hoy, 142 Kan., 88, 45 P. (2d), 855, 99 A. L. R., 236; American Mutual Liability Ins. Co. of Boston v. Chain Belt Co., 224 Wis., 155, 271 N. W., 828.
It is also a well recognized principle of law that where a lessor leases premises in disrepair or in a dangerous condition clearly obvious and apparent to the lessee, the lessor is not liable to his lessee or the lessee’s invitees for injury suffered by reason of such dangerous condition of the premises. Shinkle, Wilson & Kreis Co. v. Birney & Seymour, 68 Ohio St., 328, 67 N. E., 715; Stackhouse v. Close, 83 Ohio St., 339, 94 N. E., 746; Marqua v. Martin, 109 Ohio St., 56, 141 N. E., 654; Goodall v. Deters, 121 Ohio St., 432, 169 N. E., 443.
In the instant case there was no defective quality in the bleachers. There was no failure of proper function because of defective materials used or poor workmanship employed in their construction. The danger involved, if any, was an obvious and apparent one inherent in the type of bleachers used.
In my view, the lessee or bailee accepted management and control of the bleachers with their obvious and apparent quality as to safety, assumed responsibility for their condition and use and thereby relieved the lessors or bailors from responsibility to it and its invitees.