Bell, J.
The sole question to be decided here is whether Conti was occupying this ballroom under a lease or a license.
Counsel for defendant, in contending that the agreement herein constituted a lease, relies chiefly on the following definition of a tenant as approved by this court in Pitts v. Cincinnati Metropolitan Housing Authority, 160 Ohio St., 129, 137, 113 N. E. (2d), 869:
‘ ‘ A tenant, including a tenant for years, is an occupant who has not only an interest in land, but also some estate, be it ever so little, such as the estate of a tenant at will. He is ‘one who occupies the premises of another in subordination to that other’s title and with his assent express or implied.’ ”
We do not find it necessary to depart from that definition here, but we do not believe it applicable to the facts in this case. The facts in the Pitts case are in no way comparable to those of the instant case and the difference is easily demonstrated by the first paragraph of the syllabus of the Pitts case, which reads:
“Where the owner of a dwelling delivers possession thereof to another for use ‘as a home’ and it is so used and occupied for several years pursuant to a written agreement under which the latter pays monthly rent to the owner, there is a presumption of law that the relationship of landlord and tenant exists between the parties. ’ ’
We do not believe any such presumption arises from an occupancy of a ballroom for a period of four and one-half hours under an agreement such as is involved herein.
Nor do we find it necessary in deciding this case to depart from a long line of decisions of this court, including Burdick v. Cheadle, 26 Ohio St., 393, 20 Am. Rep., 767; Marqua v. Martin, 109 Ohio St., 56, 141 N. E., 654; Goodall v. Deters, 121 Ohio St., *389 432, 169 N. E., 443; Berkowitz v. Winston, 128 Ohio St., 611, 193 N. E., 343; and Ripple v. Mahoning National Bank, 143 Ohio St., 614, 56 N. E. (2d), 289.
In 32 American Jurisprudence, 31, Section 5, it is said:
“A license to do an act upon land involves the exclusive occupation of the land by the licensee, so far as is necessary to do the act, and no further, whereas a lease gives the right of possession of the land, and the exclusive occupation of it for all purposes not prohibited by its terms.
“Whether an instrument is a license or a lease depends generally on the manifest intent of the parties gleaned from a consideration of its entire contents.”
It is difficult to find in the agreement between Conti and defendant any intent to create a leasehold interest in Conti. Although the record reveals that defendant’s “officer of the law” had no authority to admit or exclude guests, it was obviously the intent of defendant to exercise a measure of control over the premises by having his own man there on duty during the party.
On the other hand, the circumstances here are all consistent with the theory of license. Conti’s occupation was exclusive only so far as necessary to hold a wedding reception and went no further. He had no knowledge of any hazard involved in the use of the premises by his guests and in a short space of four and one-half hours had no reasonable opportunity to learn of or guard against any hazard. See paragraph five of the syllabus of Witherspoon v. Haft, 157 Ohio St., 474, 106 N. E. (2d), 296. We believe that these circumstances raise a presumption of law that Conti was occupying the premises under a license from the defendant. His occupancy was similar to that of an organization that “rents” a hotel ballroom for convention or banquet purposes.
It follows that the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.